IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-CV-00680-WYD-BNB

RALPH ARTHUR,

    Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE CO.,

    Defendant.

_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's First Claim for Relief, filed April 15, 2005, which seeks to dismiss Plaintiff's breach of contract claim.  Specifically, Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's claim because the Colorado Workers' Compensation Act ("Act"), COLO. REV. STAT. § 8-40-101 et seq. (1998), provides the exclusive remedy to an injured worker.

For the reasons stated below, Defendant's Motion to Dismiss Plaintiff's First Claim for Relief is granted.  I find that Plaintiff's claim is barred by the Act, which provides the exclusive remedy for any and all breach of contract injuries.

II.    <u>ANALYSIS</u>

    A.    <u>Standard of Review</u>

Defendant's Motion to Dismiss was filed under both Rules 12(b)(1) and 12(b)(6).

In construing the motion to dismiss, the court "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 U.S. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). "A complaint may be dismissed pursuant to FED. R. CIV. P. 12(b)(6) only 'if the plaintiff can prove no set of facts to support a claim for relief.'" *Id.* (quoting *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995)).

If, accepting all well-pleaded allegations as true and drawing all reasonable references in favor of plaintiff, it appears beyond doubt that no set of facts entitle plaintiff to relief, then the court should grant a motion to dismiss. *See Tri-Crown, Inc. v. Am. Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir. 1990).

B.   Subject Matter Jurisdiction

Plaintiff's breach of contract claim arises from his assertion that Defendant failed or refused to timely pay for and/or approve his medical procedures, medical expenses, and exercise equipment. Am. Compl. ¶ 6. Defendant seeks to dismiss Plaintiff's First Claim for Relief because the Workers' Compensation Act provides the exclusive remedy for Plaintiff's injuries. Def.'s Mot. to Dismiss at 3-4 (citing *McKelvy v. Liberty Mutual Insurance Co.*, 983 P.2d 42 (Colo. Ct. App. 1998)).

It is established that the Act provides a "comprehensive and exclusive remedy" for breach of contract claims. *McKelvy*, 983 P.2d at 44. It specifies that although one is entitled to recover for his "personal injuries," he surrenders "any cause of action, action at law, suit in equity, or statutory or common-law right" against his employer.

COLO. REV. STAT. § 8-41-104. *See also Serna v. Kingston Enters.*, 72 P.3d 376, 379 (Colo. Ct. App. 2002). Based on this language, the Colorado Court of Appeals has concluded that the Act provides a remedy for "asserted breach of contract injuries." *McKelvy,* 983 P.2d at 44. Because the Act provides the exclusive remedy, Plaintiff "may not avoid its exclusivity provisions merely by framing his claim as one for breach of contract." *Id.* at 43. Even if one's damages may be consequential, "if an injury comes within the coverage of the Act, a common law action is barred even though a particular element of damages may be not be provided as compensation." *Id.* at 43-44. Plaintiff asserts that Defendant wrongfully denied and delayed "the processing of his workers' compensation claims." Pl. Resp. at 5. However, Plaintiff's damages are consequential and fall "squarely within the remedies provided under the Act." *McKelvy,* 983 P.2d at 43. Plaintiff claims that he "disputes the application of the exclusivity of the Workers' Compensation Act to bar the breach of contract action." Pl.'s Resp. at 2. He contends that *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220 (10th Cir. 2004), controls his Claim for Relief for Breach of Contract. *See id.* at 2-3. In *Radil*, the Tenth Circuit ruled that the district court had subject matter jurisdiction over the plaintiff's claims because at issue was whether the plaintiff's injuries were work-related and, therefore, covered under the Act. *Radil,* 384 F.3d at 1226-27. In its reasoning, the court stated that "under Colorado law, where the application of the state law bar is conceded, workers' compensation law provides the exclusive remedy and civil tort suits against the employer are barred (thus making such claims non-cognizable in state and federal courts)." *Id.* at 1226. On the other hand, "where the application of the

exclusivity defense bar is disputed . . . the issue must be determined by the trier of fact." *Id.* Unlike *Radil*, this Court does not have to determine whether Plaintiff's injuries are work-related, because Plaintiff admits that his injuries occurred while working and that his injuries were covered by workers' compensation. Am. Compl. ¶ 1. Plaintiff does not dispute his coverage under workers' compensation; rather, he disputes the manner in which Defendant has handled his actual workers' compensation claim. *See* Am. Compl. ¶¶ 6-8. Although Plaintiff is entitled to challenge the handling of his workers' compensation claim, he must look to the Act because it provides the exclusive remedy for a breach of contract claim.

As such, I find that this Court lacks jurisdiction over Plaintiff's Claim for Relief for Breach of Contract. Colorado law makes clear that if covered by the Act, one may not seek damages based on the theory of breach of contract for unpaid or late disability and medical benefits because the Act's exclusivity provision provides the exclusive remedy. *See McKelvy,* 983 P.2d at 43-44. Because the Act provides remedies for Plaintiff's damages, Plaintiff's breach of contract claim is dismissed.

III.   CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Motion to Dismiss Plaintiff's First Claim for Relief, filed April 15, 2005, is **GRANTED.**

Dated: November 16, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge